IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NUMBER: 9:13-cr-00088 |
| | ) | |
| v. | ) | |
| | ) | **MOTION FOR DISCOVERY AND** |
| DAVID VINCENT RHODES, | ) | **INSPECTION F.R.CR.P 16 AND** |
| | ) | **26.2 AND FOR PRODUCTION OF** |
| Defendant. | ) | **EVIDENCE PURSUANT TO BRADY** |
| | ) | **V. MARYLAND** |
| | ) | |

COMES NOW the Defendant, DAVID VINCENT RHODES, by and through his undersigned attorney, Lionel S. Lofton, and respectfully moves for discovery of statements, documents, records and other information pursuant to Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, and Brady v. Maryland, 373 U.S. 83 (1963). In accordance with these principles, the Defendant asks that the Court direct the Government to make available for inspection and copying the following information.

Definitions

1. "Statement" as used herein refers to the singular or plural, and to any statement, comment, conversation, expression, acknowledgment or admission, oral, written, recorded or otherwise.

2. "Government" as used herein includes the United States Attorney's Office of the Department of Justice, the Federal Bureau of Investigation, the Internal Revenue Service and any other federal or state entity having any role or performing any service in connection with this case or the investigation leading up to this case.

1

## Documents Sought

1. All statements of Defendant, whether made to the Government or to some other person, in the possession of the Government.

2. Any notes, writings, memos or documents, reports or summaries prepared by any Government employee containing any reference to or mention of any statement by Defendant.

3. All books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the Government, and which are material to the preparation of the defense by Defendant, or are intended for use by the Government as evidence at trial, or were obtained from or belong to Defendant.

4. All scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which are material to the preparation of the defense by Defendant in this case or are intended for use by the Government as evidence in chief at the trial.

5. All statements, reports, or other documents, and all related, supporting material of any person who may be called as an expert or a summary witness at trial.

6. All handwriting comparison tests of Defendant.

7. All fingerprint comparison tests of Defendant.

8. All grand jury exhibits which the Government intends to rely upon or use at trial.

9. All criminal records of any person who the Government may call as a witness in this case.

10. The trial witness list of the Government and all statements of all witnesses.

11. All documents, exhibits, graphs, displays, charts and photographs which the Government may or presently intends to offer at trial.

12. All tax returns or tax records, whatever their nature, and all supporting materials of Defendant which are in the possession of the Government, and which have been seen, reviewed, or referred to in any way, by Government personnel in connection with this case or investigation preceding the return of this Indictment.

13. Pursuant to Brady v. Maryland, supra, and other applicable case law, all material known to the Government or which through the exercise of due diligence could be learned from prospective witnesses or any other persons, which is useful, exculpatory in nature or otherwise reflects on the Defendant's conduct in such a way as to mitigate any of the allegations of the Indictment.

   This request includes but is not limited to:

   (a) Evidence that the Defendant may have lacked knowledge of any of the acts alleged in the instant Indictment;

   (b) Evidence tending to reflect adversely on the credibility of any Government witness;

   (c) The identity of any person who has been interviewed by the Government and will not be called as a witness at trial; and

   (d) Evidence concerning acts by the Defendant which are inconsistent with the allegations of the Indictment.

14. All agreements entered into between the Government and each witness in exchange for the witnesses testimony before the grand jury.

15. All records of any electronic surveillance which relates in any way whatsoever to the Defendant, the cause of action, or the general subject matter of this case, including any and all tape recorded conversations or transcripts thereof or other electronically obtained information of whatever kind made in connection with this case; also, afford counsel with a true and correct copy of such recordings and transcripts, including accurate reproductions thereof.

16. If conversations of the Defendant were subject to surveillance, but were not electronically recorded, provide any handwritten notes or memoranda, stating the date of the conversation, and the nature of the conversation.

Should any of the foregoing items be discovered subsequent to the initial compliance with this request, the Government is requested to immediately and in writing notify counsel for the Defendant of such subsequent discovered item or material and forthwith produce the same.

                Respectfully submitted,

                LOFTON & LOFTON, P.C.

                BY: s/Lionel S. Lofton
                    LIONEL S. LOFTON, #2711
                    225 Seven Farms Drive, Suite 109
                    Charleston, SC 29492
                    (843) 722-6319

                    ATTORNEY FOR DEFENDANT

Charleston, South Carolina

August 9, 2013